# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-766V
### Filed: November 3, 2017
UNPUBLISHED

---

MAX BAUM,

                 Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                 Respondent.

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Influenza (Flu) Vaccine; Guillain-
Barre Syndrome (GBS)

---

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for petitioner.*
*Ilene Claire Albala, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On June 29, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre Syndrome ("GBS") as a result of his November 12, 2015 influenza ("flu") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 27, 2017, a ruling on entitlement was issued, finding petitioner entitled to compensation for GBS. On November 2, 2017, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded compensation on the terms set forth therein. Proffer at 1-5. In the Proffer, respondent represented that petitioner agrees with the proffered award.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards** the following compensation:

A.   A lump sum payment of $399,599.88, representing compensation for life care expenses expected to be incurred during the first year after judgment ($135,549.84), pain and suffering ($237,359.96), and past unreimbursable expenses ($26,690.08), in the form of a check payable to petitioner, Max Baum.

B.   A lump sum payment of $46,640.43, representing compensation for satisfaction of the State of Illinois Medicaid lien, payable jointly to petitioner and

Illinois Department of Healthcare and Family Services
Bureau of Collections
Technical Recovery Section
401 S. Clinton, 5th Floor
Chicago, IL 60607-3800
Case No.: 91-200-0000FH1483
Attn: Anthony Graham

C.   An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Max Baum, only so long as

---

[3] "In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies."  Proffer at Note 3.

[4] "The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA."  Proffer at Note 4.

[5] "Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056." Proffer at Note 5.

Max Baum is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

      1.    <u>Growth Rate</u>
Respondent proffers that a three percent (3%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: three percent (3%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

      2.    <u>Life-contingent annuity</u>
Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Max Baum, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Max Baum's death.

      3. <u>Guardianship</u>
Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Proffer at 3-5.  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| MAX BAUM, | |
| Petitioner, | |
| v. | No. 16-766V |
| | Chief Special Master Dorsey |
| SECRETARY OF HEALTH AND | ECF |
| HUMAN SERVICES, | |
| Respondent. | |

**PROFFER ON AWARD OF COMPENSATION**

On June 29, 2016, Max Baum ("petitioner") filed a petition for compensation ("Petition")

under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34

("Vaccine Act" or "Act"), as amended.  Petitioner alleges that he suffered Guillain-Barré

syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on November 12,

2015.  Petition at 1.  On October 27, 2017, Chief Special Master Dorsey issued an order finding

that petitioner is entitled to compensation.  Ruling on Entitlement, D.I. 45.  The following is

respondent's proffer on damages.

**I.      Items of Compensation**

> A.      Life Care Items

Respondent engaged life care planner Linda Curtis, RN, MS, CCM, CNLP, and petitioner

engaged Brook Feerick, RN, CCM, CNLCP, to provide an estimation of Max Baum's future

vaccine-injury related needs.  For the purposes of this proffer, the term "vaccine related" is as

described in the respondent's Rule 4(c) Report, which was filed on October 26, 2017.  All items

of compensation identified in the life care plan are supported by the evidence, and are illustrated

by the chart entitled Appendix A: Items of Compensation for Max Baum, attached hereto as Tab A.[1]  Respondent proffers that Max Baum should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.  Petitioner agrees.

B.     Lost Earnings

The parties agree that based upon the evidence of record, Max Baum has not suffered a past loss of earnings and will not suffer a loss of earnings in the future.  Therefore, respondent proffers that Max Baum should not be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

C.     Pain and Suffering

Respondent proffers that Max Baum should be awarded $237,359.96 in actual and projected pain and suffering.  This amount reflects that any award for projected pain and suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

D.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents Max Baum's expenditure of past unreimbursable expenses related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $26,690.08.

E.     Medicaid Lien

Respondent proffers that Max Baum should be awarded funds to satisfy a State of Illinois lien in the amount of $46,640.43, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that the State of Illinois may have against any individual as a result of any Medicaid payments the State of Illinois has made to or on behalf of

---

[1]  The chart at Tab A illustrates the annual benefits provided by the life care plan.  The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

Max Baum from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury suffered on or about November 12, 2015, under Title XIX of the Social Security Act.

## II.   **Form of the Award**

The parties recommend that the compensation provided to Max Baum should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Chief Special Master's award the following:[2]

A.  A lump sum payment of $399,599.88, representing compensation for life care expenses expected to be incurred during the first year after judgment ($135,549.84), pain and suffering ($237,359.96), and past unreimbursable expenses ($26,690.08), in the form of a check payable to petitioner, Max Baum.

B.  A lump sum payment of $46,640.43, representing compensation for satisfaction of the State of Illinois Medicaid lien, payable jointly to petitioner and

> Illinois Department of Healthcare and Family Services
> Bureau of Collections
> Technical Recovery Section
> 401 S. Clinton, 5th Floor
> Chicago, IL 60607-3800
> Case No.: 91-200-0000FH1483
> Attn: Anthony Graham

C.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan,

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Max Baum, only so long as Max Baum is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

      1.   <u>Growth Rate</u>

Respondent proffers that a three percent (3%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: three percent (3%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

---

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

 2. <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Max Baum, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Max Baum's death.

 3. <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.  <u>Summary of Recommended Payments Following Judgment</u>**

 A.  Lump Sum paid to petitioner, Max Baum:    **$399,599.88**

 B.  Medicaid lien:    **$ 46,640.43**

 C.  An amount sufficient to purchase the annuity contract described above in section II.C.


Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

*/s/ Ilene Albala*
ILENE ALBALA
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, D.C. 20044-0146
Direct dial: (202) 616-3655

Date:   November 2, 2017

Respondent's Tab A

**Appendix A:  Items of Compensation for Max Baum**                    Page 1 of 2

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2017 | Compensation Year 2 2018 | Compensation Years 3-Life 2019-Life |
|---|---|---|---|---|---|---|
| PM&R | 5% | * | | | | |
| Internist | 5% | * | | | | |
| Neurologist | 5% | * | | | | |
| Podiatrist | 3% | | | 852.00 | 852.00 | 852.00 |
| Hospitalization | 5% | * | | | | |
| ER | 5% | * | | | | |
| Blood Work | 5% | * | | | | |
| Urinalysis | 5% | * | | | | |
| EMG | 5% | * | | | | |
| TB Test | 5% | * | | | | |
| Venous Doppler Study | 5% | * | | | | |
| Bisacodyl Supp | 3% | | | 6.60 | 6.60 | 6.60 |
| Vit B-12 | 3% | | | 18.25 | 18.25 | 18.25 |
| Senna | 3% | | | 65.70 | 65.70 | 65.70 |
| Citalopram | 5% | * | | | | |
| Deplin | 5% | * | | | | |
| Furosemide | 5% | * | | | | |
| Ativan | 5% | * | | | | |
| Hydrocortisone Cream | 5% | * | | | | |
| Biofreeze | 3% | | | 269.52 | 269.52 | 269.52 |
| Capsaicin Cream | 3% | | | 504.00 | 504.00 | 504.00 |
| Coumadin 1mg & 2.5mg | 5% | * | | | | |
| Potassium Chloride | 5% | * | | | | |
| Finasteride | 5% | * | | | | |
| Alendronate Sodium | 5% | * | | | | |
| Ibuprofen | 3% | | | 5.76 | 5.76 | 5.76 |
| Acetaminophen (2) | 3% | | | 21.87 | 21.87 | 21.87 |
| PT Eval | 3% | * | | | | |
| PT | 3% | | M | 5,658.00 | 5,658.00 | 1,074.00 |
| OT Eval | 3% | * | | | | |
| OT | 3% | | M | 2,997.00 | 621.00 | 621.00 |
| Recreational Therapy | 3% | | M | 3,437.00 | 3,437.00 | 3,437.00 |
| Custom Shoes | 3% | | | 386.00 | 386.00 | 386.00 |
| Hoyer Lift per Rehab Mart Price | 3% | | | 2,312.00 | | |
| Slings for Lift per Rehab Mart | 3% | | | 92.00 | 92.00 | 92.00 |
| Manual WC | 3% | * | | | | |
| Roho Cushion | 3% | | | 429.00 | 143.00 | 143.00 |
| Cover for Cushion | 3% | | | 98.00 | 32.67 | 32.67 |
| Walker | 3% | | | 111.00 | 22.20 | 22.20 |
| Positioning Pillows | 3% | | | 187.50 | 62.50 | 62.50 |
| Hand Weights | 3% | | | 57.00 | | |
| E-stim | 3% | * | | | | |
| E-stim Supplies | 3% | * | | | | |

**Appendix A:  Items of Compensation for Max Baum**                    Page 2 of 2

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Years 3-Life |
|---|---|---|---|---|---|---|
| | | | | 2017 | 2018 | 2019-Life |
| Compression Stockings | 3% | | | 76.64 | 76.64 | 76.64 |
| Skilled Nursing Facility | 3% | | M | 114,245.00 | 114,245.00 | 114,245.00 |
| Case Mngt | 3% | | M | 2,640.00 | 2,640.00 | 2,640.00 |
| Transportation | 3% | | | 1,080.00 | 1,080.00 | 1,080.00 |
| Pain and Suffering | | | | 237,359.96 | | |
| Past Unreimbursable Expenses | | | | 26,690.08 | | |
| Medicaid Lien | | | | 46,640.43 | | |
| Annual Totals | | | | 446,240.31 | 130,239.71 | 125,655.71 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.

Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.

As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($135,549.84), pain and suffering ($237,359.96), and past unreimbursable
expenses ($26,690.08): $399,599.88.

As soon as practicable after entry of judgment, respondent shall make the following payment jointly to
petitioner and the State of Illinois, as reimbursement of the state's Medicaid lien: $46,640.43.

Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.

Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.

Items denoted with an asterisk (*) covered by health insurance and/or Medicare.

Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.